**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000417**
**16-JUN-2022**
**07:56 AM**
**Dkt. 45 SO**

NO. CAAP-21-0000417

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

AZIZI KAIAMA, Respondent-Appellant,
v.
TODD BOYD, Petitioner-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DSS-21-0000115)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and McCullen, JJ.)

Self-represented Respondent-Appellant Azizi **Kaiama** appeals from the "Order Granting Petition for **Injunction** Against Harassment" entered by the District Court of the Second Circuit, Wailuku Division, on July 12, 2021.[1] For the reasons explained below, we affirm the Injunction.

Petitioner-Appellee Todd **Boyd** filed a "**Petition** for Ex Parte Temporary Restraining Order and for Injunction Against Harassment" against Kaiama on April 21, 2021.[2] A "Temporary Restraining Order Against Harassment" was entered on April 21,

---

[1] The Honorable Douglas J. Sameshima presided.

[2] Hawaii Revised Statutes (**HRS**) § 604-10.5 (2016 & Supp. 2021) authorizes the district court to enjoin harassment.

2021.[3]  An evidentiary hearing was held on July 12, 2021.  The following exchange took place:

> THE COURT:  Okay.  So wait, wait.  Wait, wait, wait.  So your request is to dismiss for lack of jurisdiction.  Is that what you're saying?
>
> MS. KAIAMA:  Yes, vacate order because they are trespassing on crown land.

The district court denied Kaiama's request to dismiss and heard testimony from Boyd.  Kaiama declined to be sworn in, stating, "I am a royal and this is a domestic courtroom and my rights have been violated."  She did not call any witnesses or present any evidence.  The district court ruled:

> As to today's proceeding, the Court is going to find that the petitioner has presented clear and convincing evidence that harassment, that is an intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently and continually bothers the individual serves no legitimate purpose --
>
> MS. KAIAMA:  I live on the property --
>
> THE COURT:  -- provided, ah, such conduct would cause a reasonable person to suffer emotional distress.

The Petition was granted.  The Injunction was entered on July 12, 2021.  This appeal followed.[4]

We discern Kaiama's argument to be that the district court had no jurisdiction over her because she is descended from Hawaiian royalty, and Boyd was trespassing on royal lands.  The Hawaiʻi Supreme Court has held:

> [W]hatever may be said regarding the lawfulness of its origins, the State of Hawaiʻi is now a lawful government.  Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws.

---

[3]  The Honorable Michelle L. Drewyer presided.

[4]  Kaiama's opening brief does not comply with Rule 28(b) of the Hawaiʻi Rules of Appellate Procedure.  Nevertheless, the Hawaiʻi Supreme Court instructs that to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not automatically be foreclosed from appellate review because they fail to comply with court rules.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

2

<u>State v. Kaulia</u>, 128 Hawaiʻi 479, 487, 291 P.3d 377, 385 (2013) (cleaned up).  Kaiama does not contend, nor does the record establish, that the evidence was insufficient to support the district court's decision, or that the district court misapplied the law.

For the foregoing reasons, the Injunction entered by the district court on July 12, 2021, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 16, 2022.

On the briefs:

Azizi Kaiama,
Self-represented
Respondent-Appellant.

Jack R. Naiditch,
for Petitioner-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge